J-S57003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTIAN BUENO | |
| Appellant | No. 2913 EDA 2016 |

Appeal from the PCRA Order August 16, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000791-2011

BEFORE:  PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                **FILED OCTOBER 06, 2017**

Appellant, Christian Bueno, appeals from the order dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

On September 20, 2011, [Appellant] entered a plea of guilty to the charge of criminal homicide – murder of the first degree (18 Pa.C.S.A. § 2501(a)). A presentence investigation report was waived and [Appellant] wished to immediately proceed to sentencing. [The same day, Appellant] was sentenced to a term of life imprisonment in a state correctional institution. Thereafter, on September 30, 2011, [Appellant] filed a post-sentence motion in the form of a Motion to Withdraw Guilty Plea pursuant to Pennsylvania Rule of Criminal Procedure Rule 720. After [conducting a] hearing, this motion was denied by this Court on October 10, 2011. [Appellant's] appeal followed on November 8, 2011. Thereafter, this court's judgment of sentence was affirmed by the Superior Court of Pennsylvania on August 7, 2012. On

September 6, 2012, [Appellant] filed a petition for allowance of appeal with the Supreme Court of Pennsylvania that was denied on January 9, 2013.

Thereafter, [Appellant] filed a motion for post conviction collateral relief on January 9, 2014. On February 4, 2014, Sean Poll, Esquire was appointed to represent [Appellant] on his motion for post conviction collateral relief. On March 12, 2014, Attorney Poll authored and filed a letter pursuant to the requirements of **Commonwealth v. Finley**, 379 Pa. Super. 390, 550 A.2d 213 (1988). A hearing relative to [Appellant's] motion was conducted before this court on May 1, 2014. At the evidentiary hearing, court-appointed counsel represented to this court that after thoroughly reviewing the file, he found that there was no legal basis on which to proceed with [Appellant's] motion for post conviction collateral relief. Therefore, this court permitted Attorney Poll's withdrawal from the matter. Additionally, [Appellant] indicated his desire to proceed at a later date with his motion for post conviction collateral relief and that he would try to retain private counsel. The hearing was continued to June 12, 2014.

On June 10, 2014, Craig Cooley, Esquire entered his appearance in the above-captioned matter. On October 8, 2014, Attorney Cooley filed an amended petition for post conviction collateral relief. On [Appellant's] request, this Court continued the matter to October 22, 2014. At the time of the evidentiary hearing on October 22, 2014, Attorney Cooley indicated his need for more time and requested a further continuance of the matter. Said request was granted, and the matter was continued until December 23, 2014. The matter was subsequently continued to February 5, 2015 and then to March 26, 2015. Defense counsel filed a supplement to the amended petition for post conviction collateral relief on February 9, 2015, and a second supplemental amended PCRA petition on March 4, 2015. An evidentiary hearing relative to [Appellant's] motion was conducted before this court on March 26, 2015. Thereafter, on May 13, 2015, this court denied [Appellant's] motion for post conviction collateral relief. Then, on June 8, 2015, [Appellant] filed a notice of appeal with the Superior Court of Pennsylvania.

PCRA Court Opinion, filed 8/16/16, at 1-3 (unnecessary capitalization omitted).

Before our Court rendered a decision in the appeal from Appellant's first PCRA petition, Appellant filed a second PCRA petition with the PCRA court on January 4, 2016. In it, Appellant alleged he had obtained newly-discovered evidence, which would excuse his late filing. The PCRA court denied the petition for lack of jurisdiction, as Appellant's first petition was still on appeal.

On April 19, 2016, our Court affirmed the PCRA court's denial of Appellant's first PCRA petition. On July 6, 2016—78 days later—Appellant refiled his second PCRA petition, alleging the same newly-discovered evidence theory. Appellant amended his PCRA petition on August 15, 2016. Following a hearing to determine the timeliness of Appellant's purported newly-discovered evidence, the PCRA court dismissed his petition as untimely. His appeal is now before us.

Preliminarily, we must consider the timeliness of Appellant's PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

A petitioner asserting one of these exceptions must file a petition within sixty days of the date the claim could have first been presented. *See* 42 Pa.C.S.A. § 9545(b)(2). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. *See Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007). *See also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

In order to establish grounds for relief based on newly-discovered evidence, a PCRA petitioner

> must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Padillas*, 997 A.2d 356, 363 (Pa. Super. 2010).

A PCRA court may not entertain a new PCRA petition while a prior PCRA petition is still on appeal. *See Commonwealth v. Porter*, 35 A.3d 4, 14 (Pa. 2012). Instead, the subsequent petition must be filed within sixty days of the date of the order finally resolving the previous PCRA petition. *See Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000).

Instantly, Appellant's judgment of sentence became final on April 9, 2013, when his time for filing a petition for writ of *certiorari* with the United

States Supreme Court expired. *See* U.S.Sup.Ct.R. 13. His second PCRA petition, filed over three years later on July 6, 2016, is patently untimely. Thus, the PCRA court lacked jurisdiction to review Appellant's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Appellant alleges he discovered new evidence in the form of an interview with a previously unknown witness, Felix Oquendo. Appellant claims that Mr. Oquendo would refute the statement of a Commonwealth witness, Reina Lopez, who claimed she overheard Appellant confess that he committed the murder to Mr. Oquendo. The interview with Mr. Oquendo took place on November 5, 2015. Appellant filed his second PCRA petition containing this allegation on January 4, 2016. This PCRA petition was denied without prejudice, as Appellant's first PCRA petition was still on appeal. On April 19, 2016, this Court affirmed the denial of Appellant's first PCRA petition. At that time, Appellant was free to either file a petition for allowance of appeal of his first PCRA petition to the Pennsylvania Supreme Court, or to discontinue litigating his first PCRA petition and file a subsequent PCRA petition. Appellant chose the latter.

However, Appellant refiled his second PCRA petition on July 6, 2016— 78 days after this Court issued an order which finally resolved Appellant's first petition. Under *Lark*, Appellant failed to file this claim within sixty days of the

first date it could have been presented. *See* 746 A.2d at 588. Thus, Appellant's second petition alleging newly-discovered evidence is untimely.

We briefly note that had we addressed this claim on the merits it would not have provided Appellant relief. The PCRA court held a hearing on August 15, 2016, to determine whether Mr. Oquendo's statement was, in fact, newly-discovered evidence. The PCRA court found that Ms. Lopez gave her statement in 2011, naming Mr. Oquendo as a witness to Appellant's alleged confession to the murder. Appellant was aware of Ms. Lopez's statement prior to his guilty plea. Mr. Oquendo was incarcerated in a state prison facility at that time, and thus his whereabouts were known. From this, the court determined that Appellant failed to exercise reasonable diligence in interviewing Mr. Oquendo, and thus Mr. Oquendo's statement did not constitute newly discovered evidence. *See* PCRA Court Opinion, filed 8/16/16, at 5. We agree, and thus would have found that Appellant's claim is without merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2017

- 6 -